Mr. Justice Cox
delivered the opinion of the Court:
In this case the defendant, Matilda Wagner, was a married woman possessing in her own right and as a sole and separate estate, a certain piece of ground in the city of Washington. She employed the complainant, who is a real estate broker, to find a purchaser for the ground. He found a purchaser, and the offer was communicated to her and approved of hy her. Before the sale was made, however, she changed her mind and refused to consummate it; and this is a suit brought by the broker to recover his commission on the amount of purchase money agreed upon. At the trial below a verdict was rendered for the plaintiff.
During the progress of the trial in the court below, the husband of the defendant was offered as a witness in behalf of his wife, and was excluded and not allowed to testify; and that is the only error alleged in the proceedings. We are all familiar with the common law rule which excludes a husband or a wife from testifying for or against each other. The rule is founded on the strongest reasons of public policy. But the counsel for the defendant maintained that the law has been changed by the statute of 1864, which is now found embodied in sections 876 and 877 of the Eevised Statutes of the District of Columbia. Section 876 provides as follows :
“On the trial of any issue joined, or of any matter or *16 question, or on any inquiry arising in any suit, action or other proceeding in any court of justice in the District, or before any person having, by law or by consent of parties, authority to hear, receive and examine evidence within the District, the parties thereto, and the persons in whose behalf any such action or proceeding may be brought or defended, and all persons interested in the same shall, except as provided in the following exception, be competent and compellable to give evidence, either viva voce or by deposition, according to the practice of the court, on behalf of any of the parties to the action or other proceeding.”
Section 877 provides that:
“ Nothing in the preceding section shall render any person who is charged with an offence in any criminal proceedings competent or compellable to give evidence for or against himself, or render any person compellable to answer any question tending to criminate himself; or render a husband competent or compellable to give evidence for or against his wife, or a wife competent or compellable to give evidence for or against her husband, in any criminal proceeding, or in any proceeding instituted in consequence of adultery. Nor shall a husband be compellable to disclose any communication made to him by his wife during the marriage; nor shall a wife be compellable to disclose any communication made to her by her husband during the marriage.”
The contention for the defendant is that this law affirmatively endows everybody who is a party to a suit or interested in it, with the capacity to testify in that suit without reference to any other disqualification, except in cases enumerated in section 877, among which is not the case of a civil suit brought against the husband or wife.
I believe that every member of this court at the special term has held that the object of the law was not to give an affirmative capacity to testify without reference to other disqualifications, but merely to remove the disqualification of being a party to a suit or interested in it.
But whatever be the true interpretation of the act, it seems *17 to us that it does not apply to the facts in this case. The law does not enact generally that either the husband or wife may testify for or against each other, nor does it declare that any persons may testify except those enumerated in section 877, but it declares that “ the parties thereto, and the persons in whose behalf any such action or proceeding maybe brought or defended, and all persons interested in the same, shall,” with certain exceptions, “ be competent and allowed to testify.”
The husband was neither a party to the suit nor interested in it. The suit was brought against the wife alone, and under the terms of the act of 1869 it could not affect the husband either in person or estate. Therefore, he was not within the class of persons to whom this law was intended to apply, but falls within the common law rule of exclusion.
Therefore the court below was right in not allowing him to testify.
The judgment is affirmed.