14-1612-ag
Eastern Queens Alliance, Inc. v. Fed. Aviation Admin.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of December, two thousand fourteen.

PRESENT: RALPH K. WINTER,
　　　　　　BARRINGTON D. PARKER,
　　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　　　*Circuit Judges.*

------------------------------------------------------------------

EASTERN QUEENS ALLIANCE, INC.,

　　　　　　　　*Petitioner*,

　　　　　v.　　　　　　　　　　　　　　　No. 14-1612-ag

FEDERAL AVIATION ADMINISTRATION,
MICHAEL HUERTA, Administrator, Federal
Aviation Administration,

　　　　　　　　*Respondents*,

THE PORT AUTHORITY OF NEW YORK
AND NEW JERSEY,

*Intervenor.*

-----------------------------------------------------------------

FOR PETITIONER: CLYDE VANEL, Vanel Law Firm, P.C., Cambria Heights, NY.

FOR RESPONDENTS: MARK R. HAAG (Sam Hirsch, Acting Assistant Attorney General, Mary Gabrielle Sprague, *on the brief*), United States Department of Justice, Washington, D.C.

Lisa A. Holden, Office of the Chief Counsel, Federal Aviation Administration, Washington, D.C.

FOR INTERVENOR: Megan Lee, Carlene McIntyre, Arnold Kolikoff, The Port Authority of New York and New Jersey, New York, NY.

Petition for review of an order of the Federal Aviation Administration ("FAA").

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

This petition for review arises from runway modifications at John F. Kennedy International Airport that the Port Authority of New York and New Jersey is implementing to comply with congressionally mandated runway safety area requirements (the "Project"). Eastern Queens Alliance ("EQA") seeks review of the FAA's March 10, 2014 decision to approve the Port Authority's environmental assessment ("EA") of the Project, issue a Finding of No Significant Impact ("FONSI") and Record of Decision, and accordingly decline to prepare an

environmental impact statement ("EIS"). We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to deny the petition.

Under the National Environmental Policy Act, 42 U.S.C. § 4321 et seq., federal agencies must prepare an EIS for "major Federal actions significantly affecting the quality of the human environment." 42 U.S.C. § 4332(2)(C). "[I]f the agency is uncertain whether the impacts rise to the level of a major federal action requiring an EIS, the agency must prepare an [EA]." Nat'l Audubon Soc'y v. Hoffman, 132 F.3d 7, 12 (2d Cir. 1997) (citing 40 C.F.R. §§ 1501.3, 1501.4, 1508.9). An EA "[b]riefly provide[s] sufficient evidence and analysis for determining whether to prepare an [EIS] or a finding of no significant impact." 40 C.F.R. § 1508.9(a)(1). Where, as here, the agency concludes on the basis of the EA not to prepare an EIS, the agency issues a FONSI. 40 C.F.R. §§ 1501.4(e), 1508.9(a)(1). In reviewing an agency's decision not to prepare an EIS, we consider: (1) "whether the agency took a 'hard look' at the possible effects of the proposed action," and (2) "if the agency has taken a 'hard look,' . . . whether the agency's decision was arbitrary or capricious." Nat'l Audubon Soc'y, 132 F.3d at 14; see also 5 U.S.C. § 706(2)(A).

EQA argues that a number of alleged omissions and flawed analyses in the EA demonstrate that the FAA failed to take the required "hard look" at the possible effects of the Project and that its decision not to prepare an EIS was arbitrary and capricious. We understand the concerns expressed by members of certain communities near the airport. Each of EQA's objections, however, was either forfeited because it was not brought to the agency's attention during the public comment period, Dep't of Transp. v. Pub. Citizen, 541 U.S. 752, 764-65 (2004), or is unfounded based on our review of the record.

3

We have considered EQA's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court